IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JOSHUA E. WESTON-HILL                                            PLAINTIFF

              v.                    Civil No. 14-5010

ANTHONY MURPHY, Agent of the
Arkansas Fourth Judicial Drug
Task Force                                                       DEFENDANT


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

According to the allegations of the complaint, Detective Murphy accused the Plaintiff of

being a member of a racist hate group such as the Aryan Nation.  Plaintiff alleges that Detective

Murphy used false documents and committed perjury so that he could arrest the Plaintiff.  Plaintiff

asserts that Detective Murphy illegally used "state prohibited confidential informants" in order to

charge the Plaintiff with possession of a controlled substance with intent to deliver it.

In April of 2013, Plaintiff alleges he was a passenger in the back seat of a car being driven

by parolee Kari Sheets and her husband Kevin Sheets.  Unbeknownst to Plaintiff, the Sheetses were

-1-

acting as confidential informants.  After the traffic stop, Kari Sheets consented to a strip search during which she was found to have illegal drugs hidden inside her vaginal cavity.  Sheets apparently advised Detective Murphy that the drugs belonged to the Plaintiff.   Plaintiff was arrested and charged.  During the course of the arrest, Plaintiff maintains he was threatened and harassed.

Plaintiff also alleges that Detective Murphy "propositioned" Plaintiff stating that the only way he could help Plaintiff was if Plaintiff purchased methamphetamine from him.  Plaintiff states that he could not do as Detective Murphy asked.  As a result, Plaintiff maintains that Detective Murphy used false documents to charge the Plaintiff.  Plaintiff asserts that he is being detained and held against his will.

### 2.  Discussion

This case is subject to dismissal.  First, "defamation, per se, is not actionable under section 1983."  *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983.  The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause.  *Paul v. Davis*, 424 U.S. 693, (1976).  Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Second, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under

-2-

§ 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

Third, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Fourth, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the

hands of the judge and the jury.

*Baker*, 443 U.S. at 145-46.   Thus, to the extent Plaintiff maintains he was innocent and should never have been arrested, the claim fails.

Fifth, to the extent Plaintiff alleges he was maliciously prosecuted, the claim fails.   The "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution."  *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."  *Id.*

Finally, to the extent Plaintiff seeks relief from currently pending criminal charges, the claim fails.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending.  *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996).  In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871.  If such a claim could proceed while criminal proceedings are ongoing, there would be

a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of April 2014.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-5-